IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
BAYER CROPSCIENCE AG and :
BAYER S.A.S., :
:
Plaintiffs, :
: C.A. No. _____
:
v. :
: TRIAL BY JURY
: DEMANDED
DOW AGROSCIENCES LLC, :
:
Defendant. :
:
------------------------------------------------------------X

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction and venue are based on 28 U.S.C. §§1331, 1338(a), 1391(b), 1400(b), 2201, 2202, and 35 U.S.C. § 271.

2. This Court has original jurisdiction over the Plaintiffs' federal patent claims.

3. There has been and is now an actual controversy between Defendant Dow Agrosciences LLC ("DAS") and the Plaintiffs as to whether DAS has actively infringed and/or induced and/or contributed and will continue to actively infringe and/or induce and/or contribute to the infringement of United States Reissued Patent No. Re 37,287 ("the Re '287 patent") (Exhibit "A" hereto); United States Reissued Patent No. Re 36,449 ("the Re 449

1

patent") (Exhibit "B" hereto); United States Patent No. 6,566,587 ("the '587 patent") (Exhibit "C" hereto); United States Patent No. 5,792,930 ("the '930 patent") (Exhibit "D" hereto); United States Patent No. 6,362,396 ("the '396 patent") (Exhibit "E" hereto); United States Patent No. 6,313,282 ("the '282 patent") (Exhibit "F" hereto); and United States Patent No. 6,338,961 ("the '961 patent") (Exhibit "G" hereto).

## THE PARTIES

4. Plaintiff Bayer CropScience AG is a company, organized and existing under the laws of Germany, having its principal place of business at Alfred-Nobel-Str. 50, 40789 Monheim am Rhein, Germany. Bayer CropScience AG is the exclusive licensee of the Re '287, Re '449, '587, '930, '396, '282 and '961 patents.

5. Plaintiff Bayer S.A.S. is a company, organized and existing under the laws of France, having its principal place of business at 16 rue Jean-Marie Leclair, Lyon, France, 69009. Bayer S.A.S. owns the Re '287, Re '449, '587, '930, '396, '282 and '961 patents.

6. On information and belief, DAS is a United States entity, organized and existing under the laws of Delaware, having its headquarters and principal place of business at 9330 Zionsville Road, Indianapolis, IN 46268.

7. On information and belief DAS regularly does or solicits business in Delaware, and has continuous and systematic contacts with Delaware.

8. On information and belief, DAS has developed, manufactured, used, and announced its plans to sell and/or offer to sell transgenic soybean that includes a recombinant gene that embodies the technologies claimed in, and which infringes, the Re '287, Re '449, '587, '930, '396, '282 and '961 patents.

## COUNT I: THE RE '287 PATENT

9. Plaintiffs reallege paragraphs 1-8, above, as if set forth specifically here.

10. The Re '287 patent, entitled "Chimeric Gene for the Transformation of Plants," originally issued as U.S. Patent No. 5,633,448 on May 27, 1997, and was reissued on July 17, 2001, in the names of the inventors Michel Lebrun, Bernard Leroux and Alain Sailland.

11. The Re '287 patent on its face lists Aventis CropScience S.A., a predecessor-in-interest of Bayer S.A.S., as the assignee. The Re '287 patent has since been assigned, and currently is assigned, to Bayer S.A.S and has been exclusively licensed to Bayer CropScience AG.

12. Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the Re '287 patent in the United States.

13. On information and belief, DAS has infringed the Re '287 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a chimeric gene for conferring to plants an increased tolerance to glyphosate, comprising an optimized transit peptide, as disclosed and claimed in the Re '287 patent, and which, accordingly, infringes the Re '287 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a chimeric gene, having the characteristics summarized above and as disclosed and claimed in the Re '287 patent.

3

14. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

15. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the Re '287 patent. On information and belief, these acts of direct infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the Re '287 patent.

16. On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the Re '287 patent.

### COUNT II: THE RE '449 PATENT

17. Plaintiffs reallege paragraphs 1-16, above, as if set forth specifically here.

18. The Re '449 patent, entitled "Chimeric Gene for the Transformation of Plants," originally issued as U.S. Patent No. 5,510,471 on April 23, 1996, and was reissued on

December 14, 1999, in the names of the inventors Michel Lebrun, Bernard Leroux and Alain Sailland.

19. The Re '449 patent on its face lists Rhone-Poulenc Agro, a predecessor-in-interest of Bayer S.A.S., as the assignee. The Re '449 patent has since been assigned, and currently is assigned, to Bayer S.A.S and has been exclusively licensed to Bayer CropScience AG.

20. Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the Re '449 patent in the United States.

21. On information and belief, DAS has infringed the Re '449 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a nucleic acid construct which codes for a localization polypeptide which comprises an optimized transit peptide, as disclosed and claimed in the Re '449 patent, and which, accordingly, infringes the Re '449 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a nucleic acid construct, having the characteristics summarized above and as disclosed and claimed in the Re '449 patent.

22. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

23. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the Re '449 patent. On information and belief, these acts of direct infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the Re '449 patent.

24. On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the Re '449 patent.

## COUNT III: THE '587 PATENT

25. Plaintiffs reallege paragraphs 1-24, above, as if set forth specifically here.

26. The '587 patent, entitled "Mutated 5-Enolpyruvykshikimate-3-Phosphate Synthase, Gene Coding for Said Protein and Transformed Plants Containing Said Gene," was issued on May 20, 2003, in the names of the inventors Michel Lebrun, Alain Sailland, Georges Freyssinet and Eric Degryse.

27. The '587 patent on its face lists Bayer CropScience S.A., a predecessor-in-interest of Bayer S.A.S., as the assignee. The '587 patent has since been assigned, and

currently is assigned, to Bayer S.A.S and has been exclusively licensed to Bayer CropScience AG.

28. Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the '587 patent in the United States.

29. On information and belief, DAS has infringed the '587 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a modified plant DNA molecule encoding a double mutant EPSPS enzyme (mutated at positions 102 and 106), as disclosed and claimed in the '587 patent, and which, accordingly, infringes the '587 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a modified plant DNA molecule, having the characteristics summarized above and as disclosed and claimed in the '587 patent.

30. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

31. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the '587 patent. On information and belief, these acts of direct

infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '587 patent.

32. On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '587 patent.

### COUNT IV: THE '930 PATENT

33. Plaintiffs reallege paragraphs 1-32, above, as if set forth specifically here.

34. The '930 patent, entitled "Chimeric Gene for the Transformation of Plants," was issued on August 11, 1998, in the names of the inventors Nichol Chaubet, Georges Freyssinet and Bernard Leroux.

35. The '930 patent on its face lists Rhone Poulenc Agrochimie, a predecessor-in-interest of Bayer S.A.S., as the assignee. The '930 patent has since been assigned, and currently is assigned, to Bayer S.A.S and has been exclusively licensed to Bayer CropScience AG.

36. Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the '930 patent in the United States.

37.     On information and belief, DAS has infringed the '930 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a chimeric gene comprising an approximately 1 kb histone H4 promoter, in particular from the so-called clone H4A748, as disclosed and claimed in the '930 patent, and which, accordingly, infringes the '930 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a chimeric gene, having the characteristics summarized above and as disclosed and claimed in the '930 patent.

38.     On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

39.     On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the '930 patent. On information and belief, these acts of direct infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '930 patent.

40. On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '930 patent.

### COUNT V: THE '396 PATENT

41. Plaintiffs reallege paragraphs 1-40, above, as if set forth specifically here.

42. The '396 patent, entitled "Chimeric Gene for the Transformation of Plants," was issued on March 26, 2002, in the names of the inventors Nichol Chaubet, Georges Freyssinet, Bernard Leroux, Michel Lebrun and Alain Sailland.

43. The '396 patent on its face lists Aventis Crop Science, a predecessor-in-interest of Bayer S.A.S., as the assignee. The '396 patent has since been assigned, and currently is assigned, to Bayer S.A.S and has been exclusively licensed to Bayer CropScience AG.

44. Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the '396 patent in the United States.

45. On information and belief, DAS has infringed the '396 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a chimeric gene encoding a transit peptide region comprising two plastid-localizing transit peptides, as disclosed and claimed in the '396 patent,

and which, accordingly, infringes the '396 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a chimeric gene, having the characteristics summarized above and as disclosed and claimed in the '396 patent.

46.     On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

47.     On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the '396 patent. On information and belief, these acts of direct infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '396 patent.

48.     On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '396 patent.

**COUNT VI: THE '282 PATENT**

49. Plaintiffs reallege paragraphs 1-48, above, as if set forth specifically here.

50. The '282 patent, entitled "Isolated DNA Sequence Which Can Serve as Terminator Region in a Chimeric Gene Capable of Being Used for the Transformation of Plants," was issued on November 6, 2001, in the names of the inventors Rossitza Atanassova, Richard DeRose, Georges Freyssinet, Claude Gigot and Michel Lebrun.

51. The '282 patent on its face lists Rhone Poulenc Agrochimie, a predecessor-in-interest of Bayer S.A.S., as the assignee. The '282 patent has since been assigned, and currently is assigned, to Bayer S.A.S and has been exclusively licensed to Bayer CropScience AG.

52. Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the '282 patent in the United States.

53. On information and belief, DAS has infringed the '282 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a chimeric gene comprising a terminator region of a histone H4748 gene, as disclosed and claimed in the '282 patent, and which, accordingly, infringes the '282 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a chimeric gene, having the characteristics summarized above and as disclosed and claimed in the '282 patent.

54. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

55. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the '282 patent. On information and belief, these acts of direct infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '282 patent.

56. On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '282 patent.

### COUNT VII: THE '961 PATENT

57. Plaintiffs reallege paragraphs 1-56, above, as if set forth specifically here.

58. The '961 patent, entitled "Isolated DNA Sequence Capable of Serving as Regulatory Element in a Chimeric Gene Which Can be Used for the Transformation of Plants,"

was issued on January 15, 2002, in the names of the inventors Richard DeRose, Nicole Chaubet and Claude Gigot.

59.  The '961 patent on its face lists Rhone Poulenc Agrochimie, a predecessor-in-interest of Bayer S.A.S., as the assignee.

60.  By virtue of its succession to the business of Rhone Poulenc Agrochimie, Plaintiff Bayer S.A.S. is the exclusive holder of all right and title in and to the '961 patent in the United States and Bayer S.A.S. has exclusively licensed the '961 patent to Bayer CropScience AG.

61.  Collectively, Plaintiffs Bayer S.A.S. and Bayer CropScience AG (together, "Bayer") are the exclusive holders of all right and title in and to the '961 patent in the United States.

62.  On information and belief, DAS has infringed the '961 patent under 35 U.S.C. §271(a) and/or (b) and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a chimeric gene including an intron from a plant H3.3-like histone gene as a genetic regulatory element, as disclosed and claimed in the '961 patent, and which, accordingly, infringes the '961 patent. Said transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to glyphosate by virtue of containing such a chimeric gene, having the characteristics summarized above and as disclosed and claimed in the '961 patent.

RLF1 5559369v. 1

63. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

64. On information and belief, DAS has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute glyphosate resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the '961 patent. On information and belief, these acts of direct infringement occur at DAS's active behest and with DAS's intent, knowledge, and encouragement. On information and belief, DAS actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '961 patent.

65. On information and belief, the manufacture, use and sale and offer for sale of DAS's glyphosate resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '961 patent.

WHEREFORE, Bayer respectfully requests the following relief:

(a) A judgment declaring that the Re '287, Re '449, '587, '930, '396, '282 and '961 patents are infringed by DAS's continued manufacture, use, offer to sell and sale of glyphosate resistant transgenic plants in the United States, and Dow's preparations for same, prior to the expiration of such patents;

15

(b)	A permanent injunction against any infringement by DAS of the Re '287, Re '449, '587, '930, '396, '282 and '961 patents;

(c)	A judgment that DAS's conduct is willful;

(d)	A judgment that DAS's conduct is exceptional;

(e)	Attorneys' fees in this action under 35 U.S.C. §285;

(f)	Damages adequate to compensate for the infringement and enhanced damages under 35 U.S.C. §284;

(g)	Costs and expenses in this action; and

(h)	Such other relief as this Court may deem proper.

A trial by jury is demanded.

| | |
|---|---|
| OF COUNSEL:<br><br>Robert J. Koch<br>Jay I. Alexander<br>Arie M. Michelsohn<br>MILBANK, TWEED, HADLEY<br>  & McCLOY LLP<br>1850 K Street, N.W., Suite 1100<br>Washington, D.C. 20006<br>(202) 835-7500<br>rkoch@milbank.com<br>jalexander@milbank.com<br>amichelsohn@milbank.com | /s/ Anne Shea Gaza<br>Frederick L. Cottrell, III (#2555)<br>Jeffrey L. Moyer (#3309)<br>Anne Shea Gaza (#4093)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE  19801<br>(302) 651-7700<br>cottrell@rlf.com<br>moyer@rlf.com<br>gaza@rlf.com<br><br>*Attorneys for Plaintiffs*<br>*BAYER CROPSCIENCE AG, and*<br>*BAYER S.A.S.* |