# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 20, 2014

***VIA CM/ECF FILING AND FEDERAL EXPRESS***

The Honorable Joel Schneider
United States District Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ  08101

   Re: *Bayer CropScience AG, et al. v. Dow AgroSciences LLC,*
      C.A. No. 12-256-RMB-JS

Dear Magistrate Judge Schneider:

  We are writing regarding Defendant Dow AgroSciences LLC's ("DAS") pending motion for fees. Pursuant to Local Rule 7.1.2(b), DAS submits this letter to (1) inform the Court of the decision by the U.S. Court of Appeals for the Federal Circuit disposing of the appeal by Bayer CropScience AG & Bayer S.A.S ("Bayer"), and (2) provide the attached opinion *Summit Data Systems, LLC v. EMC Corporation*, No. 10-749-GMS, 2014 WL 4955689 (D. Del. Sept. 25, 2014), in support of DAS's position that this case is exceptional under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

  The Federal Circuit held oral argument on October 8, 2014 and entered judgment for DAS by October 17th, affirming Judge Bumb's summary judgment ruling. A copy of the judgment and oral argument transcript are attached as Exhibits A and B, respectively.[1]  Judge Hughes sat on the appellate panel and noted during oral argument that he found Bayer's interpretation of the license grants at issue "***very troubling***." *See* Oral Argument at 27:15-49, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/14-1032/all; *accord* Ex. B at 34:1-11. Indeed, the Federal Circuit entered judgment for DAS without the need for an opinion pursuant to Federal Circuit Rule 36, which the Federal Circuit explains is used "only when the appellant/petitioner has ***utterly failed to raise any issues in the appeal*** that require an opinion to be written in support of the court's judgment of affirmance." Ex. A at 5 (emphasis added).

---

[1] The transcript attached as Exhibit B is an unofficial transcript. A full recording of the oral argument is available on the Federal Circuit's Website: http://www.cafc.uscourts.gov/oral-argument-recordings/14-1032/all.

The Honorable Joel Schneider
October 20, 2014
Page 2

  In *Summit*, Judge Sleet found that the plaintiff's patent infringement case against defendant NetApp, Inc. was exceptional based on a licensing agreement that precluded any infringement and left plaintiff with no objective evidence to support its case. 2014 WL 4955689, at *3-5 (attached as Exhibit C). The plaintiff alleged that the defendant's products infringed its patents based on how those products interacted with Microsoft software. *Id.* at *3. The plaintiff, however, had "forfeited" its right to pursue that infringement theory, because only two months prior to filing suit, it entered a licensing agreement that gave Microsoft a license to the asserted patents—making direct infringement by the defendant "impossible." *Id.* Despite having "no . . . evidence" that defendant's product could infringe without running Microsoft software, plaintiff nevertheless filed suit against the defendant. *Id.* The court held that the plaintiff was "objectively unreasonable" in suing the defendant "mere months after executing the [l]icensing [a]greement that effectively eliminated its theory infringement," and that the case—based on "[t]hese facts alone"—was exceptional. *Id.* at *4-5.

              Respectfully,

              /s/ *Andrew C. Mayo*

              Andrew C. Mayo

ACM/nlm

Attachments

cc:  Counsel of record